IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shellie Pool, <br><br> Plaintiff, <br> v. <br><br> First Premier Bank; and DOES 1-10, inclusive, <br><br> Defendants. | Civil Action No.: 1:15-cv-231 <br><br><br> COMPLAINT |

For this Complaint, the Plaintiff, Shellie Pool, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Shellie Pool ("Plaintiff"), is an adult individual residing in Streator, Illinois, and is a "person" as defined by 47 U.S.C. § 153(39).

5. The Defendant, First Premier Bank ("FPB"), is a South Dakota business entity with an address of 601 South Minnesota Avenue, Sioux Falls, South Dakota 57104-4824, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

6.  Within the last four years, FPB began placing calls to Plaintiff's cellular telephone, number 815-xxx-6600, in an attempt to collect a consumer debt (the "Debt") allegedly owed by Plaintiff.

7.  FPB placed calls to Plaintiff's cellular telephone from number 605-333-6200, by using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

8.  When Plaintiff answered the calls, she was met with a prerecorded voice message which stated that the call was in regard to a late payment.

9.  In the month of July, 2014, Plaintiff placed a call to FPB in an attempt to make the repeated calls stop. During the conversation with a live representative, Plaintiff requested that FPB cease calling her cellular phone attempting to collect the Debt. The representative responded by stating that they would make note in client's file to stop the calls.

10. Despite the foregoing, FPB placed over fifty calls to Plaintiff's cellular phone after Plaintiff's original request for the calls to cease.

11. The repeated calls to Plaintiff's cellular phone caused Plaintiff significant anxiety and concern.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

12. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13. At all times mentioned herein and within the last year, Defendants called Plaintiff on her cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

14. Defendants contacted Plaintiff by means of a prerecorded or artificial voice to her cellular phone knowing that it lacked consent to call her number in light of her revoking her

consent. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

16. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

17. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**COUNT II**
**INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS**

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

20. Illinois further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Illinois state law.

21. The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with the above-referenced telephone calls.

22. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

23. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

24. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

25. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff respectfully prays that judgment be awarded in the Plaintiff's favor and against the Defendants as follows:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Against the named the Defendants, jointly and severally, awarding the Plaintiff punitive damages in such amount as is found appropriate; and

3. Granting the Plaintiff such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 12, 2015

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorney for Plaintiff